IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY, | § | |
|     Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-CV-0262 |
| | § | |
| NORTHFIELD INSURANCE COMPANY, | § | |
| | § | |
|     Defendant/Counter-Plaintiff/ | § | |
|     Third Party Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| BRYAN C. WAGNER, *et al.*, | § | |
|     Third Party Defendants. | § | |

## MEMORANDUM AND ORDER

This insurance coverage dispute is before the Court on Third-Party Defendants Bryan C. Wagner and Wagner Oil Company's (collectively, the "Wagner Parties") Motion to Dismiss (the "Motion") [Doc. # 248] cross-claims filed by the Third-Party Defendant Insurers.[1] The Third-Party Insurers timely filed

---

[1] The following Third-Party Defendant Insurers (collectively, the "Third-Party Insurers") filed cross-claims against the Wagner Parties: (1) General Security Indemnity Co. of Arizona f/k/a Fulcrum Insurance Company [Doc. # 224]; (2) Gotham Insurance Company [Doc. # 240]; (3) RiverStone Insurance (UK), Ltd., as Successor-in-Interest to Certain Business of Sphere Drake Insurance Limited (f/k/a *inter alia* Sphere Drake Insurance PLC) [Doc. # 229]; (4) Scottsdale Insurance Company [Doc. # 231]; (5) United National Insurance Company
(continued…)

a joint response in opposition to the Motion, to which the Wagner Parties timely replied.[2]  The Motion is now ripe for determination.  After considering the parties' briefing, all pertinent matters of record, and the applicable legal authorities, the Court **denies** the Motion.

I.  BACKGROUND

The complete procedural and factual background for this longstanding litigation is addressed in the Court's November 15, 2017, Memorandum and Order (the "M&O") [Doc. # 191].  The Court focuses here only on the facts germane to the pending Motion.  Generally speaking, this litigation revolves around the issue of whether certain insurers have a contractual duty to defend or indemnify the Wagner Parties in connection with an ongoing lawsuit currently being litigated in Texas state court (the "Texas Suit").  In the Texas Suit, ExxonMobil Corporation ("Exxon") alleges that the Wagner Parties are contractually obligated to defend and indemnify it from claims asserted against it in two separate lawsuits filed in

---

(continued…)
[Doc. # 233]; (6) North American Capacity Insurance Company and North American Capacity Insurance Company, as Successor-in-Interest to Commercial Underwriters Insurance Company [Doc. # 234]; and (7) Steadfast Insurance Company [Doc. # 237].

[2]  *See* Third-Party Insurers' Joint Response to the Wagner Parties' Motion to Dismiss Third-Party Insurers' Cross-Claims [Doc. # 250]; The Wagner Parties' Reply in Support of their Motion to Dismiss Third-Party Insurer Cross-Claims [Doc. # 251].

Louisiana state courts (collectively, the "Louisiana Lawsuits"). Specifically, Exxon alleges that the claims asserted in the Louisiana Lawsuits against it stem from unspecified "environmental damage" to one or more properties located in Louisiana subject to mineral rights purchased by the Wagner Parties from Exxon. In April 2016, the jury in the Texas Suit rendered a substantial verdict against the Wagner Parties. However, to date, the trial court in the Texas Suit has not entered judgment.[3]

On January 30, 2017, Defendant Northfield Insurance Company ("Northfield") filed a Third-Party Complaint against certain Third-Party Insurers [Doc. # 59] regarding those insurers obligations to defend and indemnify the Wagner Parties in the Texas Suit. On September 19, 2017, Northfield amended its Third-Party Complaint to include the remaining Third-Party Insurers [Doc. # 153].

Approximately two months later, the Court issued the M&O. In the M&O, the Court concluded that, under the terms of the policy it issued to the Wagner Parties, Northfield has a duty under Texas law to defend the Wagner Parties in the Texas Suit. The Court also concluded that the issue of Northfield's duty to indemnify the Wagner Parties with respect to the Texas Suit was not ripe for adjudication because final judgment had not been entered in that matter.

---

[3]  For additional background regarding the Texas Suit, *see* M&O [Doc. # 191], p. 10-13.

Consequently, the Court stayed Northfield's claims for declaratory judgment on the issue of its duty to indemnify the Wagner Parties in connection with the Texas Suit.[4]

Subsequent to issuance of the M&O, the Third-Party Insurers filed counterclaims against Northfield and cross-claims against the Wagner Parties seeking declaratory judgment that the Third-Party Insurers, under the terms of their respective policies, have no duty to defend or indemnify the Wagner Parties in relation to the Texas Suit. By the Motion, the Wagner Parties seek dismissal of the Third-Party Insurers' cross-claims due to lack of subject matter jurisdiction on the ground no justiciable controversy exists between themselves and the Third-Party Insurers. Specifically, the Wagner Parties contend that because they are not currently seeking defense or indemnity from any Third-Party Insurer, and because final judgment still has not been entered in the Texas Suit, the Third-Party Insurers' claims are not ripe for adjudication. For the reasons discussed hereafter, the Court concludes that it has subject matter jurisdiction over a live controversy between the Wagner Parties and the Third-Party Insurers regarding the latter's duty to defend the former in the Texas Suit. Nevertheless, the Third-Party Insurers' cross-claims regarding the duty to indemnify must be stayed at this time.

---

[4] The Court stayed all discovery on the duty to indemnify issue. *See* M&O [Doc. # 191], p. 69.

## II.     LEGAL STANDARD

The Declaratory Judgment Act "'is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant.'" *Sherwin–Williams Co. v. Holmes County,* 343 F.3d 383, 389 (5th Cir. 2003) (quoting *Wilton v. Seven Falls Co.,* 515 U.S. 277, 287 (1995)). "'The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.'" *Id.* (quoting *Wilton,* 515 U.S. at 286). "'In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.'" *Id.* (quoting *Wilton,* 515 U.S. at 289).

In determining whether a declaratory judgment action is properly before it, "[a] federal district court must determine (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Id.* at 387; *see also Orix Credit Alliance, Inc. v. Wolfe,* 212 F.3d 891, 895 (5th Cir. 2000). An assertion that a declaratory judgment action is not justiciable is an attack on the Court's subject matter jurisdiction. *See Orix Credit Alliance, Inc.*, 212 F.3d at 895.

"[A] declaratory judgment action, like any other action, must be ripe in order to be justiciable." *Id.* at 896 (citing *United Transp. Union v. Foster,* 205 F.3d 851, 857 (5th Cir. 2000)). "A declaratory judgment action is ripe for adjudication only where an 'actual controversy' exists." *Id.* (citations omitted). "[A]n actual controversy exists where a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Id.* (citations and internal quotation marks omitted); *accord Venator Group Specialty, Inc. v. Mathew/Muniot Family,* 322 F.3d 835, 838 (5th Cir. 2003).

A plaintiff can prove a declaratory judgment action is justiciable "by establishing actual present harm or a significant possibility of future harm." *Roark & Hardee LP v. City of Austin,* 522 F.3d 533, 542 (5th Cir. 2008) (citation and internal quotation marks omitted). "By its very nature, a declaratory judgment action focuses on an injury that has not yet occurred; the issue is whether the injury is sufficiently likely to justify judicial intervention." *RSUI indem. Co. v. Enbridge (U.S.) Inc.,* 2008 WL 5158179, at *2 (S.D. Tex. Dec. 9, 2008) (citing *Orix Credit Alliance, Inc.,* 212 F.3d at 898). "The threat of litigation, if specific and concrete, can indeed establish a controversy upon which declaratory judgment can be based." *Orix Credit Alliance, Inc.,* 212 F.3d at 897.

## III. ANALYSIS

### A. Duty To Defend

The Wagner Parties argue that the Third-Party Insurers' cross-claims on the duty to defend should be dismissed because those claims are not justiciable at this time.[5] According to the Wagner Parties, the Third-Party Insurers' duty to defend claims are not ripe because the Wagner Parties are not currently seeking (and have not previously sought) defense from any of the Third-Party Insurers in the Texas Suit. Under the circumstances presented, the Wagner Parties' argument lacks merit.

"A complaint requesting a declaration of an insurer's duty to defend a pending liability lawsuit presents a justiciable controversy." *Northfield Ins. Co. v. Women & Children's Res. Ctr., Inc.*, 116 F.3d 476 (5th Cir. 1997) (citing *Maryland Cas. Co v. Pacific Coal & Oil Co.*, 312 U.S. 270, 270-273 (1941)). "It is immaterial that frequently, in the declaratory judgment suit, the positions of the parties in the conventional suit are reversed; the inquiry is the same in either case."

---

[5] In their Motion, the Wagner Parties also move to dismiss the Third-Party Insurers' cross-claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, the Wagner Parties' arguments for dismissal under Rule 12(b)(1) and 12(b)(6) are based on the identical alleged deficiency: the lack of a justiciable controversy between themselves and the Third-Party Insurers. The Court concludes that the Third-Party Insurers' cross-claims on the duty to defend issue are ripe for adjudication, and does not address separately the Rule 12(b)(6) aspects of the Motion.

*Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989) (quoting *Maryland Cas. Co.*, 312 U.S. at 273).  In deciding whether to dismiss a declaratory judgment action, "[i]t is the nature of the controversy, not the method of its presentation or the particular party who presents it, that is determinative." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 244 (1937).

The Fifth Circuit has recognized that a justiciable controversy can exist between an insurer and its insured regarding the duty to defend so long as an underlying lawsuit for which the insured might seek defense is pending.  *See Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 F. App'x 159, 163 (5th Cir. 2015) ("The Supreme Court has held that an actual case or controversy existed when an insurer brought a declaratory judgment action regarding its liability to the insured for an underlying state court action while the underlying action was still pending." (citing *Maryland Cas. Co.*, 312 U.S. at 271-274)); *AXA Re Prop. & Cas. Ins. Co. v. Day*, 162 F. App'x 316, 318-319 (5th Cir. 2006) (per curiam) (finding an actual controversy in a declaratory judgment action on commercial-automobile liability insurance coverage when the underlying state wrongful-death action was still pending.); *see also Vinings Ins. Co. v. Byrdson Servs., LLC*, 2016 WL 3567057, at *5 (E.D. Tex. June 13, 2016) ("As discussed in *Ironshore*, the Court may find the existence of an actual case or controversy when an insurer brought a declaratory judgment action regarding its liability to the insured for an underlying

8

state court action while the underlying action was still pending."). Although a jury verdict has been rendered in the Texas Suit, judgment has not been entered by the trial court and the matter remains pending.[6] The Wagner Parties already have sought from Northfield, and have contracts of insurance that permit them to seek from at least some of the Third-Party Insurers, coverage for defense costs with respect to the Texas Suit.

Furthermore, the Wagner Parties presently expressly decline to abandon all claims for defense costs against the Third-Party Insurers in connection with the Texas Suit. This strategic decision bolsters the Court's conclusion that there is more than a speculative possibility that the Wagner Parties will in the foreseeable future assert a claim for defense from those insurers. The Wagner Parties contend they have no need to seek defense from the Third-Party Insurers because, pursuant to the M&O, they already are entitled to a complete defense from Northfield. However, Northfield's duty to defend the Wagner Parties in the Texas Suit is contingent on the as yet unresolved issue of whether and when the Wagner Parties

---

[6] Indeed, the Wagner Parties themselves repeatedly have emphasized that further proceedings in the Texas Suit, such as a new trial or appeal, remain possible. *See, e.g.,* Motion [Doc. # 248], p. 8 n.7; The Wagner Parties' Reply in Support of their Cross-Motion for Summary Judgment on the Northfield Primary Policy [Doc. # 181], p. 23; The Wagner Parties' Reply in Support of their Motion to Dismiss Northfield's Claims for Declaratory Relief on its Duty to Indemnify [Doc. # 182], p. 5.

9

tendered to Northfield for a defense.[7]  Should Northfield prevail on its contention that no proper and timely tender was made, it is inconceivable that the Wagner Parties will not seek recovery of defense costs from one or more the Third-Party Insurers.  Therefore, the Wagner Parties' failure to date to seek a defense from the Third-Party Insurers does not conclusively establish the absence of a live controversy among them for declaratory judgment purposes given the Wagner Parties simultaneous refusal to abandon those viable claims.

Also reinforcing the conclusion that there is a live controversy between the Wagner Parties and Third-Party Insurers are the Third-Party Insurers' indisputably ripe counterclaims against Northfield.  Those claims and the Third-Party Insurers' cross-claims against the Wagner Parties seek functionally identical relief: a declaration that the Third-Party Insurers have no duty to defend the Wagner Parties in the Texas Suit based on the terms of their respective policies.  It is evident, therefore, that the issue of what rights the Wagner Parties have to a defense from the Third-Party Insurers in the Texas Suit is a live controversy before the Court.

---

7   *See* M&O [Doc. # 191], p. 15, n.16.  Moreover, the Court is not persuaded that the fact that the Wagner Parties are entitled to a defense from Northfield moots any controversy between them and the Third-Party Insurers with respect to the nature and scope of their rights under their policies with those insurers in relation to the ongoing Texas Suit.  Not only are the Wagner Parties' rights vis à vis the Third-Party Insurers live issues, but both the Wagner Parties and the Third-Party Insurers have a legally cognizable interest in that issue's ultimate outcome.  *See Murphy v. Hunt*, 455 U.S. 478, 481 (1982).

Viewed together, the ongoing nature of the Texas Suit, the contingent nature of the Wagner Parties' right to defense from Northfield, the Wagner Parties' refusal to stipulate that they will not seek a defense from the Third-Party Insurers in the ongoing Texas Suit, and the fact that the issue of what rights the Wagner Parties have to a defense from the Third-Party Insurers in the Texas Suit is a live controversy before the Court, collectively persuade the Court that the Third-Party Insurers' cross-claims against the Wagner Parties present "a substantial controversy of sufficient immediacy and reality . . . between parties having adverse legal interests" to warrant addressing the issues raised by the Third-Party Insurers' requests for declaratory judgment. *Orix Credit Alliance, Inc.*, 212 F.3d at 896 (citations and internal quotation marks omitted).

It also is noted that although none of the parties addressed the third prong of the declaratory judgment ripeness test, *i.e.*, a court's "substantial discretion" to determine "whether to exercise its discretion to decide or dismiss the action," the Court concludes it is appropriate to exercise its discretion to permit litigation of the Third-Party Insurers' cross-claims here. The Wagner Parties will remain parties to this litigation regardless of the outcome of the pending Motion. They must cooperate fully with reasonable discovery requests from Northfield and the Third-Party Insurers on the third-party claims. No unfair burden is apparent from the Wagner Parties' being required to defend against the Third-Party Insurers'

declaratory judgment cross-claims at this time, as those claims are identical to the Third-Party Insurers' counterclaims against Northfield, and the Wagner Parties and Northfield appear completely aligned in pursuing as broad a duty to defend coverage as possible from the Third-Party Insurers. Indeed, the Wagner Parties may minimize their own expenditures in this coverage litigation by adopting, in whole or in part, arguments Northfield asserts.

In sum, the Court is unpersuaded by the Wagner Parties' contention that there is no live controversy between them and the Third-Party Insurers merely because it is the Wagner Parties' preference not to participate at this time in proceedings that may well influence, if not determine, their rights.[8] Accordingly, the Wagner Parties' Motion is **denied** with respect to the Third-Party Insurers' cross-claims regarding their duty to defend the Wagner Parties in the Texas Suit.

### B. <u>Duty To Indemnify</u>

The Wagner Parties also seek dismissal of the Third-Party Insurers' cross-claims for declaratory judgment that those insurers have no duty to indemnify the Wagner Parties in the Texas Suit. Under Texas law, the duty to defend and the duty to indemnify are distinct duties. *Colony Ins. Co. v. Peachtree Const., Ltd.*,

---

[8] It is unclear whether collateral estoppel will be implicated if the Wagner Parties, in material alignment with Northfield and with full knowledge of the issues in dispute, elect not to participate in this coverage litigation between Northfield and the Third-Party Insurers regarding the Wagner Parties' right to a defense under the policies issued by the Third-Party Insurers.

647 F.3d 248, 252 (5th Cir. 2011). Whereas the duty to defend is determined based on the pleadings, the duty to indemnify is determined by the facts actually established in the underlying suit. *See id.* at 253 ("unlike the duty to defend, which turns on the pleadings, the duty to indemnify is triggered by the actual facts establishing liability in the underlying suit, and whether any damages caused by the insured and later proven at trial are covered by the terms of the policy.").

Under Texas law, with one narrow exception articulated in *Farmers Texas County Mutual Insurance Company v. Griffin*,[9] the duty to indemnify arises only once liability has been conclusively determined. *D.R. Horton-Texas, Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 744 n.2 (Tex. 2009). It is generally accepted that a trial court "is without authority to decide an insurer's duty to indemnify in the absence of a final judgment in the underlying tort action." *Nationwide Prop. & Cas. Ins. Co. v. McFarland*, 887 S.W.2d 487, 491 (Tex. App. – Dallas 1994, writ denied) (citing *Central Sur. & Ins. Corp. v. Anderson*, 445 S.W.2d 514, 515 (Tex. 1969)).

For the same reasons articulated in the M&O regarding Northfield's duty to indemnify claims,[10] the Third-Party Insurers' cross-claims on the duty to

---

[9] 955 S.W.2d 81, 84 (Tex. 1997) (holding Texas courts may consider the issue of indemnification ripe for adjudication before a final judgment has been entered in the rare circumstance that "the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.").

[10] *See* M&O [Doc. # 191], p. 60-63, 66-67.

indemnify issue are not ripe. There is no final judgment in the Texas Suit, and it is premature to determine whether the *Griffin* exception is applicable to the Third-Party Insurers' cross-claims. Also for the same reasons articulated in the M&O, there is little practical reason to dismiss the Third-Party Insurers' duty to indemnify claims at this time. Therefore, the Court concludes it is appropriate and efficient to stay, rather than dismiss, the Third-Party Insurers' declaratory judgment claims regarding their duty to indemnify the Wagner Parties in the Texas Suit. The stay will remain in effect until final judgment is entered in the Texas Suit. During this stay, the Court will not entertain any motions pertaining to these declaratory judgment claims nor will the Court permit discovery on this issue.

## IV. <u>**CONCLUSION AND ORDER**</u>

For the foregoing reasons, the Wagner Parties' Motion is **denied**. However, the Third-Party Insurers' cross-claims regarding their duty to indemnify the Wagner Parties in connection with the Texas Suit are **stayed**. The Court's denial of the Motion is without prejudice to the Wagner Parties' or the Third-Party Insurers' right to re-urge their arguments relating to the duty to indemnify claims when appropriate. It is therefore

**ORDERED** that the Wagner Parties' Motion to Dismiss [Doc. # 248] is **DENIED.** It is further

**ORDERED** that the Third-Party Insurers' declaratory judgment claims with respect to their duty to indemnify the Wagner Parties in the Texas Suit are **STAYED pending the entry of final judgment in the Texas Suit.**

SIGNED at Houston, Texas, this 26th day of **June, 2018.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE