IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 4:14-00262 | |
| § | | |
| NORTHFIELD INSURANCE § | | |
| COMPANY, § | | |
| Defendant. § | | |

## MEMORANDUM AND ORDER

Before the Court in this multi-party insurance coverage dispute is "Third-Party Defendants RIUK, United National, General Security, Steadfast, Scottsdale, NAC, and Gotham's Emergency Motion to Enjoin Bryan C. Wagner and Wagner Oil Company" ("Motion to Enjoin" or "Motion") [Doc. # 324].[1] Third-Party Defendants Bryan C. Wagner and Wagner Oil Company (the "Wagner Parties")

---

[1] The Third-Party Insurers include RiverStone Insurance (UK) Limited, as successor in interest to certain business of Sphere Drake Insurance Limited (f/k/a inter alia Sphere Drake Insurance PLC) ("RIUK"); United National Insurance Company ("United National"); General Security Indemnity Co. of Arizona, f/k/a Fulcrum Insurance Company ("General Security"); Steadfast Insurance Company ("Steadfast"); Scottsdale Insurance Company ("Scottsdale"); North American Capacity Insurance Company, individually and as successor-in-interest to Commercial Underwriters Insurance Company ("NAC"); and Gotham Insurance Company ("Gotham").

filed a response,[2] and movants replied.[3] The Motion is now ripe for decision. Having considered the parties' briefing, pertinent matters of record, and relevant legal authorities, the Court **denies** the Motion to Enjoin.

I.  BACKGROUND

This case is a multi-party insurance dispute over which entities owe duties to defend and indemnify Third-Party Defendant Bryan C. Wagner in a pending Texas state lawsuit filed by ExxonMobil Corporation (the "Exxon Lawsuit").[4] This federal case has spanned five years and a trip to the Fifth Circuit Court of Appeals. Discovery on the Third-Party Insurers' duty to defend is underway. The Court recites only the procedural and factual background necessary to resolve the pending Motion.[5]

---

[2]   The Wagner Parties' Response to the Third-Party Defendant Insurers' Emergency Motion to Enjoin ("Response") [Doc. # 340].

[3]   Third-Party Defendants RIUK, United National, General Security, Steadfast, Scottsdale, NAC, and Gotham's Reply to the Wagner Parties' Response to Their Emergency Motion to Enjoin ("Reply") [Doc. # 361].

[4]   The underlying lawsuit against Wagner, styled *ExxonMobil Corp. v. Trade Exploration Corp., et al.*, No. 09-60726, is pending in the 189th Judicial District Court for Harris County, State of Texas.

[5]   A complete background can be found in a Memorandum & Order [Doc. # 191], dated November 15, 2017.

2

This lawsuit was filed on February 4, 2014.  *See* Doc. # 1.  Federal Insurance Company ("Federal") sought a declaration that Northfield Insurance Company ("Northfield") owed a duty to defend Wagner in the Exxon Lawsuit and reimbursement for amounts Federal paid defending Wagner.  *See* Doc. # 30.  This Court granted summary judgment in favor of Northfield on September 22, 2014. *See Fed. Ins. Co. v. Northfield Ins. Co.*, No. H-14-262, 2014 WL 4718984, at *8 (S.D. Tex. Sept. 22, 2014) [Doc. # 35].  Federal appealed.  *See* Doc. # 37.  On September 16, 2016, the Fifth Circuit reversed, holding Northfield was obliged to defend Wagner, and remanded the matter to this Court.  *See Fed. Ins. Co. v. Northfield Ins. Co.*, 837 F.3d 548, 557 (5th Cir. 2016) [Doc. # 44].

On January 30, 2017, Northfield asserted third-party claims against the Bryan Wagner, Wagner Oil Company ("Wagner Oil"), and several Third-Party Insurers.  *See* Doc. # 59.

In a Memorandum and Order dated November 15, 2017 [Doc. # 191], this Court held Northfield owed a duty to defend Wagner in the Exxon Lawsuit.  The Court ruled that Northfield's indemnity obligation to Wagner in the Exxon Lawsuit was not ripe for adjudication because final judgment had not been entered in the Exxon Lawsuit.  The Court stayed the duty to indemnify issue until final judgment is entered in the Exxon Lawsuit.

3

In April 2018, the Third-Party Insurers filed cross-claims against the Wagner Parties, seeking declarations that they owe no duty to defend or indemnify the Wagner Parties in the Exxon Lawsuit. *See* Docs. # 224, # 227, # 229, # 233, # 234, # 237, # 240.

On May 4, 2018, the Wagner Parties moved to dismiss the Third-Party Insurers' cross-claims. *See* Doc. # 248. The Wagner Parties asserted, among other things, that the Third-Party Insurers' defense and indemnity obligations were not ripe for adjudication.

In a Memorandum and Order dated June 26, 2018, the Court denied the Wagner Parties' motion to dismiss. *See Fed. Ins. Co. v. Northfield Ins. Co.*, No. 4:14-CV-0262, 2018 WL 3122092 (S.D. Tex. June 26, 2018) [Doc. # 252]. The Court held that the Third-Party Insurers' defense obligations were ripe for adjudication but their indemnity obligations were not. The Court stayed the duty to indemnify issue until final judgment is entered in the Exxon Lawsuit.

On October 5, 2018, Bryan Wagner asserted counterclaims against several of the Third-Party Insurers—RIUK, Scottsdale, General Security, and NAC. *See* Docs. # 296, # 297, # 299, # 300. Wagner seeks declarations that the four Third-Party Insurers owe him a defense in the Exxon Lawsuit. Wagner also asserts claims for breach of contract and violations of various Texas Insurance Code

4

P:\ORDERS\a2014-2015\2014\262MEnjoin.docx 190321.1558

provisions. Wagner does not seek in this case any declaration on the duty to indemnify.

To date, a final judgment has not been entered in the Exxon Lawsuit.[6]

On January 3, 2019, Bryan Wagner filed suit against the Third-Party Insurers and Northfield in the 17th Judicial District Court of Tarrant County, Texas (the "Tarrant County Suit"). *See* Doc. # 341, at 4. In that action, Wagner asserted claims for declaratory judgment, breach of contract, and attorney's fees based on the Third Party Insurers' denial of Wagner's demand for indemnity with respect to the Exxon Lawsuit. *See* Doc. # 341, at 12-13.

On January 8, 2019, Steadfast Insurance Company ("Steadfast"), one of the Third-Party Insurers, removed the Tarrant County Lawsuit to the United States District Court for the Northern District of Texas, Fort Worth Division. *See Wagner v. Northfield Ins. Co.*, No. 4:19-cv-16-A (N.D. Tex. Jan. 8, 2018) (McBryde, J.) [Doc. # 1].

On January 18, 2019, the Third-Party Insurers filed their Motion to Enjoin the Wagner Parties from prosecuting the Tarrant County Suit and from initiating

---

[6] On December 31, 2018, 189th Judicial District Court entered an Interlocutory Judgment in the Exxon Lawsuit. [Doc. # 341], at ECF 69. All relevant parties agree that this Interlocutory Judgment is not a final judgment.

5

any other lawsuit (federal or state) against the Third-Party Insurers regarding the coverage claims before this Court.

On January 24, 2019, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Wagner voluntarily dismissed its claims against all Third-Party Insurers in the Tarrant County Suit, except Steadfast which had already answered. *See id.* [Docs. # 9, # 10]. Wagner separately moved to voluntarily dismiss Steadfast through court order pursuant to Federal Rule of Civil Procedure 41(a)(2). *See id.* [Doc. # 11].

On February 11, 2019, Steadfast opposed Wagner's motion for voluntary dismissal in the Tarrant County Suit. *See id.* [Doc. # 14]. Steadfast requested that, rather than dismiss the Tarrant County Suit, the district court should transfer it to this Court for consolidation with this case.

On March 5, 2019, Judge John McBryde transferred the Tarrant County Suit to this Court. *Wagner v. Steadfast*, No. 4:19-cv-798 (S.D. Tex. Mar. 5, 2019) [Doc. # 20]. On March 19, 2019, this Court stayed the Tarrant County Suit pending entry of final judgment in the Exxon Lawsuit. *See id.* [Doc. # 24].

## II. **DISCUSSION**

The Third-Party Insurers ask this Court to enjoin the Wagner Parties from initiating any other lawsuit in federal or state court against the Third-Party Insurers

6

regarding the coverage claims pending in this suit or in the Tarrant County Suit.[7] The Wagner Parties contend that the Third-Party Insurers' request is overbroad and premature. The Court will **not** enjoin—that is, issue an anti-suit injunction against—the Wagner Parties, and **denies** the Third-Party Insurers' Motion to Enjoin.

### A. The Court Declines to Enjoin Future Federal Court Lawsuits

"District courts have discretion to enjoin the filing of related lawsuits in other U.S. district courts." *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 976 (5th Cir. 2015) (per curiam) (quoting *Mun. Energy Agency of Miss. v. Big Rivers Elec. Corp.*, 804 F.2d 338, 343 (5th Cir. 1986)). "The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). "Under this first-to-file rule, the cases need not be identical; rather, 'the crucial inquiry is one of substantial overlap.'" *Amerijet*, 785 F.3d at 976 (quoting *Int'l Fid. Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 678 (5th Cir. 2011)). "The rule rests on principles of comity and sound judicial administration."

---

[7] The Third-Party Insurers also request the Court order the transfer of the Tarrant County Suit to this Court. This request is **denied as moot**.

7

*Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985). As these principles "are equitable in nature," district courts have "an ample degree of discretion." *See Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84 (1952).

The Third-Party Insurers contend that this Court should enjoin the Wagner Parties from filing future federal lawsuits regarding the coverage claims at issue in this case. The Third-Party Insurers contend that the Tarrant County Suit demonstrates the Wagner Parties intend to create piecemeal and duplicative litigation. According to the Third-Party Insurers, this Court has the authority under the first-to-file rule to determine whether subsequently filed federal lawsuits raising the coverage claims at issue in this case should proceed.

The Wagner Parties counter that the first-to-file rule is not implicated by the Tarrant County Suit or any future lawsuit concerning the Third-Party Insurers' indemnity obligations. In the Tarrant County Suit, Bryan Wagner asserts claims solely related to the Third-Party Insurers' duties to indemnify. In the lawsuit pending in this Court since 2014, by contrast, the Wagner Parties assert claims solely related to the duty to defend. The Wagner Parties argue that this difference

8

is dispositive because a court must examine "vastly different" evidence to adjudicate a defense obligation than an indemnity obligation. Response at 13. Adjudication of a defense obligation requires examination of the eight corners of the Exxon Lawsuit complaint and the Third-Party Insurers' policies, whereas adjudication of an indemnity obligation requires examination of the facts established in the Exxon Lawsuit. *See Colony Ins. Co. v. Peachtree Const., Ltd.*, 647 F.3d 248, 253 (5th Cir. 2011).

The Wagner Parties' position is unpersuasive. The duties to defend and indemnify are indeed "distinct and separate." *See Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 822-23 (Tex. 1997). Nevertheless, both duties arise from the several Third-Party Insurers' policies. Adjudicating either duty will require judicial construction of much of the same contractual language. The defense and indemnity issues are "substantially similar." *See Save Power Ltd.*, 121 F.3d at 950.

Consolidating all insurance coverage disputes relating to the Exxon Lawsuit will also promote judicial efficiency and minimize the risk of inconsistent judgments. *See Cadle Co.*, 174 F.3d at 603; *W. Gulf Mar.*, 751 F.2d at 729. This Court is the best positioned to adjudicate insurance coverage disputes arising from the Exxon Lawsuit. Over the past five years, this Court has acquired meaningful knowledge of the relevant policies, pertinent legal authorities, and the parties' positions. The defense and indemnity issues are sufficiently "substantially similar"

9

P:\ORDERS\a2014-2015\2014\262MEnjoin.docx 190321.1558

that resolution of the duty to defend issue will inform adjudication of the indemnity issues that Wagner asserts in the Tarrant County Suit. *See Amerijet*, 785 F.3d at 976. The Court has presided for years over the first filed case addressing most of the parties' claims regarding duties to defend and indemnify and recently has received by transfer Wagner's Tarrant County Suit with Wagner's claims for indemnity. The Court anticipates that it will handle indemnity issues arising from the Exxon Litigation when they are ripe.

The Court nevertheless will not grant the Third-Party Insurers' requested anti-suit injunction. An injunction against the Wagner Parties regarding future federal lawsuits is unnecessary and premature. The prompt transfer of the Tarrant County Suit to this Court demonstrates that any future abusive or unwarranted filing by the Wagner Parties, once in federal court, can be handled expeditiously. Moreover, the Court credits the Wagner Parties' counsel's representation that the Wagner Parties have no intention to be a repetitive or abusive filer. In an exercise of its discretion, the Court **declines** at this time to enjoin the Wagner Parties from filing future federal lawsuits regarding the coverage dispute in this case.

**B.     The Court Declines to Enjoin Future State Court Lawsuits**

The Third-Party Insurers also request that the Court enjoin the Wagner Parties from filing future state court lawsuits regarding the coverage claims before this Court. They contend that Wagner's filing of the Tarrant County Suit

10

evidences the Wagner Parties' intent to employ vexatious litigation tactics and create piecemeal litigation. In response, the Wagner Parties assert that the Anti-Injunction Act bars such an injunction. *See* 28 U.S.C. § 2283.

The Wagner Parties' reliance on the Anti-Injunction Act is misplaced. "Although the Anti-Injunction Act is an absolute bar to any federal court action that has the effect of staying a pending state court proceeding unless the action falls within a designated exception, it does not preclude injunctions against a lawyer's filing of *prospective* state court actions." *Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002) (alteration in original) (footnote omitted); *S.E.C. v. Kaleta*, 530 F. App'x 360, 363 n.4 (5th Cir. 2013) (per curiam) (unpublished) ("It is well established that the Act applies only to *pending* state court proceedings." (alteration in original)). The Act does "not preclude injunctions against the institution of state court proceedings, but only bar stays of suits already instituted." *Dombrowski v. Pfister*, 380 U.S. 479, 484 n.2 (1965). In short, the Act "applies only to pending state court actions." *See B & A Pipeline Co. v. Dorney*, 904 F.2d 996, 1001 n.15 (5th Cir. 1990).

The All Writs Act, codified at 28 U.S.C. § 1651(a), authorizes federal courts "to enjoin litigants who are abusing the court system by harassing their opponents." *See Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980) (per curiam). The Fifth Circuit recognizes that the Act empowers district courts

"to issue narrowly tailored orders enjoining repeatedly vexatious litigants from filing future state court actions without permission from the court." *See Newby*, 302 F.3d at 301.[8]

For example, in *Harrelson*, the Fifth Circuit affirmed an injunction against "any future litigation on any cause of action arising from the fact situation at issue." *See* 613 F.2d at 116. There, the plaintiff had "forced various defendants in and out of court for almost five years" and the Fifth Circuit found that the plaintiff had "had a full opportunity to present and litigate his claims." *Id.* Similarly, in *Newby*, the Fifth Circuit upheld an anti-suit injunction against a law firm that represented 750 plaintiffs involved in the Enron corporate securities litigation. 302 F.3d at 302. There, the firm repeatedly filed state lawsuits in counties across Texas, made "duplicative requests for *ex parte* temporary restraining orders, without notice to lawyers already across the counsel table," ignored defendants' attempts to communicate, and "expressed its intention to continue filing these state court suits" without prior notice to the defendants. *See id.* at 302-03. This

---

[8] Federal district courts "also have inherent power to impose sanctions against vexatious litigants." *See Newby*, 302 F.3d at 302. The Third-Party Insurers do not request the Court exercise its inherent power and, for the reasons stated below, the Court finds such an exercise inappropriate at this time.

12

"sufficiently serious and systematic abuse of the courts" warranted the district court's anti-suit injunction against state court litigation. *See id.* at 303.

Given the benchmark set by *Harrelson* and *Newby*, an anti-suit injunction against future state court litigation against the Wagner Parties at this time is unwarranted. Wagner's Tarrant County Suit might be deemed "vexatious" in that it involves "claim splitting" or "simultaneously maintaining separate actions based upon parts of the same claim." *See In re Super Van Inc.*, 92 F.3d 366, 371 (5th Cir. 1996) (quoting RESTATEMENT (SECOND) JUDGMENTS § 26 cmt. a (AM. LAW. INST. 1982)).[9] However, Wagner's filing of the Tarrant County Suit has not been "repeated[]" and he cannot be said to have engaged in a "systematic abuse of the courts." *See Newby*, 302 F.3d at 301-03. Moreover, unlike counsel in *Newby*, counsel for the Wagner Parties represent to the Court that they have no intention to be repetitive or abusive filers. *See id.* at 303.

Based on the weighty federalism concerns implicated by the Third-Party Insurers' request for injunction against all future state court litigation regarding the

---

[9] The Wagner Parties deny that they have engaged in claim splitting. They argue that their Tarrant County Suit involves duty to indemnify claims whereas in this litigation they bring duty to defend and extra-contractual claims. The Court is unpersuaded. The Wagner Parties' duty to defend and indemnify claims arise out of the same contracts and involve multiple overlapping insurers.

13

coverage disputes at issue in this case, the Court declines the Third-Party Insurers' request.

## III. <u>**CONCLUSION AND ORDER**</u>

The Court has authority to issue the requested anti-suit injunction against the Wagner Parties but exercises it discretion not to do so under the procedural circumstances currently presented. It is therefore

**ORDERED** that the Third-Party Insurers' Motion to Enjoin [Doc. # 324] is **DENIED without prejudice**.

SIGNED at Houston, Texas, this 21st day of **March, 2019.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE